UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-20511-CIV-WILLIAMS

DYNASTY MANAGEMENT, LLC,

    Plaintiff,

vs.

AUGUST ALSINA, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendants UMG Recordings, Inc., Steve Bartels, and Lucian Grainge's motion to dismiss the Amended Complaint (DE 14) and the Telephonic Status Conference held on July 25, 2016.

Plaintiff originally filed this case in the Eleventh Judicial Circuit in and for Miami-Dade County (the "state court") on September 2, 2015. (DE 12-3). Plaintiff then filed an Amended Complaint in state court on December 1, 2015. (DE 12-4). Defendant UMG Recordings, Inc. (named as two separate entities—Universal Music Group, Inc. and Def Jam Recordings, Inc.—in the Complaint and Amended Complaint) removed the case to this Court on February 11, 2016 with the consent of the only other Defendants it knew to be served to that date: Defendants August Alsina, Bartels, and Grainge. (DE 12-4 at 3). On March 4, 2016, UMG Recordings, Inc. moved to dismiss the Amended Complaint for failure to state a claim and Bartels and Grainge moved to dismiss the Amended Complaint for lack of personal jurisdiction. (DE 14).

Upon review of the motion and the record, the Court finds that the Artist-Management Agreement (DE 12-4 at 25) and the Music License Agreement (DE 12-4 at

32-36) contradict the allegations in the Amended Complaint against UMG Recordings, Inc.[1] As such, the Amended Complaint does not plead sufficient facts against UMG Recordings, Inc. to state a claim that is "plausible on its face" as required to survive a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, Plaintiff offers no legitimate basis for the Court's personal jurisdiction over Bartels and Grainge. Plaintiff contends that Florida's Long-Arm Statute, Fla. Stat. § 48.193(1)(a)(2), provides specific jurisdiction because the Amended Complaint alleges that Bartels and Grainge directed or ratified Lynn Gonzalez's tortious transmission of a cease-and-desist letter to a Florida resident. (DE 30 at 15-19). However, Bartels and Grainge's sworn affidavits (DE 14-2 ¶ 13; DE 14-1 ¶¶ 12-13) directly refute this contention and Plaintiff offers no compelling response, leaving the Court without any basis to subject Bartels and Grainge to its jurisdiction. Plaintiff's failure to demonstrate why this Court has personal jurisdiction warrants Bartels and Grainge's dismissal with prejudice. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("In short, the district court did not err when it denied Plaintiffs leave to amend their complaint, and Plaintiffs **no longer are entitled to pursue the claims dismissed for lack of personal jurisdiction in Florida courts**.") (emphasis added).

Accordingly, upon consideration of the motion (DE 14) and the record, and for the reasons discussed at the Telephonic Status Conference and stated above, it is

---

[1] The Court declines to convert this motion to dismiss into a motion for summary judgment by considering the additional facts, absent from the Amended Complaint, that Plaintiff proffered through its opposition and attached affidavits (DE 30). *See Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) ("Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss.").

**ORDERED AND ADJUDGED** that the motion (DE 14) is **GRANTED**; the claims against Defendant UMG Recordings, Inc. (named in the Complaint as Defendants Universal Music Group, Inc. and Def Jam Recordings, Inc.) are **DISMISSED WITHOUT PREJUDICE**; and the claims against Defendants Bartels and Grainge are **DISMISSED WITH PREJUDICE** from this case in this District.

Additionally, the record contains no evidence that Plaintiff ever served Defendants Ditto Music, Ltd. and Matt Parsons. Pursuant to Federal Rule of Civil Procedure 4(m), the Court gave Plaintiff notice through its Paperless Order of July 14, 2016 (DE 38) of its intended inquiry into service and then gave Plaintiff an opportunity to discuss service during the Telephonic Status Conference. Plaintiff offered no legitimate basis for its failure to effect service on Defendants Ditto Music, Ltd. and Parsons. Accordingly, and for the reasons discussed at the Telephonic Status Conference and stated above, it is further **ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** against Defendants Ditto Music, Ltd. and Matt Parsons in accordance with Federal Rule of Civil Procedure 4(m).

**DONE AND ORDERED** in chambers in Miami, Florida, this 25 day of July, 2016.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE