**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 16-20511-CIV-WILLIAMS**

DYNASTY MANAGEMENT GROUP, LLC,

    Plaintiff,

vs.

AUGUST ALSINA, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff Dynasty Management Group, LLC's ("Dynasty") motion for reconsideration of the Court's September 18, 2017 order granting Defendants Henry Lee and NNTME MUCO LLC's ("NNTME") motion to dismiss Dynasty's Final Amended Complaint ("FAC") for failure to state a claim. (DE 129). Under Federal Rule of Civil Procedure 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence . . . ;" or "any other reason justifying relief from the operation of the judgment."

Dynasty's motion takes issue with the Court's reliance on *Urquilla-Diaz v. Kaplan University*, 780 F.3d 1039, 1057 (11th Cir. 2015) in dismissing Lee and NNTME from this case. According to Dynasty, *Urquilla-Diaz*'s holding that "[t]hree attempts at proper pleading are enough" is not applicable here—even though the FAC was Dynasty's fourth complaint—because Dynasty only filed the first amended complaint in state court due to a "formatting error" and "therefore has not had 'three attempts' at material matter

pertaining to its pleadings." (DE 129 at 5). Accordingly, Dynasty requests one "last opportunity" to file a fifth complaint.

Dynasty's motion is unpersuasive for two reasons. First, it relies on a misreading of *Urquilla-Diaz*, which does not hold that courts must, in all circumstances, provide plaintiffs at least three attempts to state a claim. There, as here, "[t]hree attempts at proper pleading [was] enough." *See Urquilla-Diaz*, 780 F.3d at 1057. Second, Dynasty's motion fails to mention the Court's four previous warnings that the FAC would be Dynasty's last opportunity to state a claim. (DE 63 at 8) (providing that Dynasty may file a "final amended complaint" consistent with Court's previous orders); (DE 66 at 1) (noting that the Court had advised previously that Dynasty's next complaint would be the "Final Amended Complaint"); (DE 69 at 2) (deeming Dynasty's self-styled "Third Amended Complaint" as the "final amended complaint"); (DE 91 at 4-5) (noting Dynasty's operative "Final Amended Complaint"). Dynasty's labeling of its FAC as a "Third Amended Complaint" (DE 68) and its characterization of the history of alterations to its previous complaints is no basis for reconsideration of the Court's order granting Lee and NNTME's motion to dismiss. Consequently, it is **ORDERED AND ADJUDGED** that Dynasty's motion for reconsideration (DE 129) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 3rd day of October, 2017.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE